**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES RONAN, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>LIBERTY MUTUAL INSURANCE )<br>COMPANY AND DAVID FERNANDEZ, )<br><br>DEFENDANTS. )<br> ) | C.A. No. 10-10707 |

## NOTICE OF REMOVAL BY DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY AND DAVID FERNANDEZ

Pursuant to 28 U.S.C. § 1446, Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and David Fernandez (collectively, the "Defendants"), hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441, and state the following grounds for removal:

1.      Plaintiff instituted this action on or about March 15, 2009 in the Superior Court for Suffolk County, Massachusetts, Civ. No. SUCV2010-01155 (hereinafter referred to as the "State Action").

2.      Plaintiff served the Defendants with the State Action Summons and Complaint on April 7, 2010.  True and correct copies of the served Summons and Complaint are attached as Exhibit A.

3.      The Defendants have not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.  Thus, this Notice has been filed with this Court within thirty (30) days of service of copies of the Summons and Complaint in the State Action upon any Defendant.

4.      This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action

involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

5.      ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants . . . benefits in the event of . . . unemployment."  29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted).

6.      Under a breach of contract count, Plaintiff asserts claims for severance benefits, allegedly due under the Liberty Mutual Severance Pay Plan (the "Plan").  (Complaint, ¶ 57).  A copy of the Plan is attached as Exhibit B.

7.      The Plan was established and is maintained by Liberty Mutual for the purpose of providing certain severance benefits to eligible employees of Liberty Mutual.  Ex. B, p. 1. Liberty Mutual, as plan administrator, is responsible for certain administrative functions relating to the Plan, such as determining eligibility for benefits.  Id. §§ 2.6, 5.1-5.2.  In determining severance to be paid under the terms of the Plan, the plan administrator must exercise discretion and evaluate the employee's situation in light of particular criteria, such as job performance.  Id. §§ 2.9, 4.1-4.2. Further, benefits are paid out over a period of time rather than in a lump sum.  Id. § 4.4.  Moreover, the Plan expressly states that it is classified a welfare plan under the provisions of ERISA, and is intended to be a Severance Pay Plan as defined in 29 C.F.R. §2510.3-2(b).  Ex. B. § 7.2.  For these reasons, among others, an ongoing administrative program is required to meet Liberty Mutual's obligations under the Plan, and the Plan is an "employee benefit plan" as

defined by, and subject to, ERISA.  Nadworthy v. Shaw's Supermarkets, Inc., 405 F. Supp. 2d 124, 131 (D. Mass. 2005) (Young, C.J.) (severance plan held subject to ERISA where the administrator must exercise discretion in awarding benefits and benefits are disbursed on an ongoing basis).

8.     The Complaint asserts Plaintiff was employed by Liberty Mutual.  (Complaint, p. 1).  Plaintiff is or was a participant in the Plan.  Accordingly, based upon the averments of the Complaint, Plaintiff has a colorable claim to benefits under an ERISA plan and thus has standing to assert a claim under ERISA.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989) (the term "participant" includes employees or former employees with "a colorable claim" to benefits).

9.     ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  "A state law relates to a benefit plan, in the formal sense of the phrase, if it has a connection with or reference to such a plan."  Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985).  Such claims are completely preempted by ERISA, and thus removable, if they are asserted in lieu of federal remedies available to participants of ERISA plans pursuant to 29 U.S.C. § 1132(a).  Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

10.     The Complaint asserts, *inter alia*, a state law claim for breach of contract, claiming that Defendants failed to pay Plaintiff his severance (Count III).  This claim is completely preempted by ERISA, and this action is thus removable to this Court, because the claim relates to an employee benefit plan and is asserted in lieu of federal remedies available to participants of ERISA plans pursuant to 29 U.S.C. § 1132(a).  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Davila, 542 U.S. at 209.

11.     Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

12.     The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

13.     This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

14.     By copy of this document and in accordance with the Certificate of Service, the Defendants are providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the above-action now pending against it in Suffolk County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE
COMPANY and DAVID FERNANDEZ,
By their attorneys,


/s/ Andrew C. Pickett
Andrew C. Pickett (BBO#549872)
Douglas J. Hoffman (BBO# 640472)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: April 27, 2010

## <u>CERTIFICATE OF SERVICE</u>

This hereby certifies that on this 27th day of April 2010, a true and accurate copy of the above document was served upon Plaintiff's counsel, William J. Royal Jr., Royal Law Firm, P.C., 27 Mica Lane, Wellesley, MA 02481, via first-class mail, postage prepaid.


<u>/s/ Andrew C. Pickett</u>
Jackson Lewis LLP